IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LINDY WARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.: |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| MIDWEST IMAGING CENTER, L.L.C. ) | |
| ) | |
| and ) | |
| ) | |
| RICHARD FRIEND, ) | |
| ) | |
| and ) | |
| ) | |
| JULIE KRAUSE, ) | |
| ) | |
| and ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

## PARTIES & JURISDICTION

COMES NOW Plaintiff Lindy Ward, by and through her attorneys, and for her complaint against Defendant Midwest Imaging Center, states as follows:

1. This is an action for monetary damages, declaratory and injunctive relief and other equitable and ancillary relief, brought pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), retaliation under that act under 42 U.S.C. § 12203(a), and the Missouri Human Rights Act, Mo. Rev. Stat. § 231.010(4) (2000).

2. Plaintiff, Lindy Ward (hereinafter "Plaintiff" or "Ward"), is an individual residing in the State of Missouri, County of St. Francois.

3. Defendant Midwest Imaging Center ("MIC" or "Defendant") is a Missouri limited liability corporation, doing business in the State of Missouri, with its principal place of business in St. Francois County.

4. Defendant Richard Friend is the owner of MIC and an employer under the Missouri Human Rights Act.

5. Defendant Julie Krause is in charge of the day to day operations of MIC and an employer under the Missouri Human Rights Act.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1367.

7. Plaintiff requests a jury trial pursuant to Federal Rule of Civil Procedure 38(b).

8. Venue is proper in the Eastern District of Missouri because Plaintiff was employed in the Eastern District of Missouri, and all of the events complained of herein occurred in St. Francois County, Missouri within the Eastern District of Missouri, Eastern Division.

9. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, which was dual filed with the Missouri Commission on Human Rights. She received a Notice of Right to Sue Letter on November 18, 2016 for Charge No. 560201601008 from the EEOC and has timely filed this action within 90 days of receipt of that Notice of Right to Sue Letter. (See the attached Exhibit 1). She also received a Notice of Right to Sue from the MCHR and has timely filed this action within 90 days of receipt of that Notice of Right to Sue Letter. (See the attached Exhibit 2).

**FACTS COMMON TO ALL COUNTS**

10. Plaintiff was employed as radiology technologist for Defendant.

11. Plaintiff had worked for Defendant since August of 2012.

12. In October of 2015, Plaintiff was diagnosed with cancer.

13. At the time of her diagnosis, Plaintiff was in charge of running the Potosi office for Defendant.

14. As a result of her cancer, Plaintiff underwent three surgeries on 10/5/15, 11/13/15 and 11/20/15.

15. Plaintiff returned to work on December 2, 2015.

16. When Plaintiff returned to work in December of 2015, she informed Defendants that she would need additional treatment for her cancer diagnosis twice weekly.

17. Plaintiff was then informed that she was being demoted and removed from her job of running the Potosi office and being transferred to the Farmington office.

18. Plaintiff complained about the transfer and discrimination because of her cancer diagnosis, but was told by her employer that they were "doing it for her."

19. On January 27, 2016, Plaintiff was further informed that she would no longer be guaranteed ANY hours, and thus, was constructively discharged from employment.

20. Any reason(s) proffered by Defendants for Plaintiff's demotion and discharge are pretextual and to hide discrimination and retaliation.

### COUNT I –  Discrimination under ADA against Defendant MIC
### 42 U.S.C. § 12101

COMES NOW Plaintiff, by and through her undersigned counsel, and for Count I of her Complaint, states as follows:

21. Plaintiff incorporates the preceding paragraphs of this Complaint into Count I of this Complaint as if fully set forth herein.

22. Plaintiff is a "qualified individual" under the ADA in that she suffers and did suffer from an impairment that substantially limited one or more major life activities (cancer), and which caused her to take time off of work and seek treatments.

23. In the alternative to paragraph 22, Plaintiff is a qualified individual under the ADA in that she is perceived and regarded as having such an impairment.

24. Plaintiff was and remained qualified to perform the essential functions of her position at Defendant, with or without a reasonable accommodation.

25. Plaintiff was demoted and then constructively discharged because of her disability and/or because of her employer's perception of her disability.

26. As a direct and proximate result of Plaintiff's demotion and discharge by Defendant, Plaintiff has sustained and will continue to sustain lost wages and other benefits of employment, including future salary.

27. Plaintiff has suffered emotionally, embarrassment, humiliation as a result of Defendant's actions.

28. The conduct of Defendant was wanton, willful, and showed a reckless indifference to Plaintiff's protected rights as set forth above, justifying an award of punitive damages against Defendant.

WHEREFORE, Plaintiff prays this Court to enter judgment in her favor and against Defendant and thereafter:

  A. Order Defendant to make Plaintiff whole for any and all loses or damages she has suffered including back pay, benefits of employment, and front pay;

  B. Award Plaintiff punitive damages against the Defendants in such sum as this court believes is fair and reasonable;

C.  Award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and

D.  Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

### COUNT II –  Retaliation under ADA against Defendant MIC
### 42 U.S.C. § 12203(a)

COMES NOW Plaintiff, by and through her undersigned counsel, and for Count II of her Complaint, states as follows:

29. Plaintiff incorporates the preceding paragraphs of this Complaint into Count II of this Complaint as if fully set forth herein.

30. Plaintiff engaged in protected activity under the ADA when she complained about the change in her position and title after her cancer diagnosis and treatment.

31. After complaining about the illegal activity, Defendant further cut Plaintiff's hours and told her that she would no longer have any guaranteed hours.

32. The change in her position, hours and pay scale was materially adverse and was related to her complaints about the illegal conduct of Defendant under the ADA.

33. As a direct and proximate result of Plaintiff's demotion and discharge by Defendant in retaliation of her complaints, Plaintiff has sustained and will continue to sustain lost wages and other benefits of employment, including future salary.

34. Plaintiff has suffered emotionally, embarrassment, humiliation as a result of Defendant's actions.

35. The conduct of Defendant was wanton, willful, and showed a reckless indifference to Plaintiff's protected rights as set forth above, justifying an award of punitive damages against Defendant.

WHEREFORE, Plaintiff prays this Court to enter judgment in her favor and against Defendant and thereafter:

A. Order Defendant to make Plaintiff whole for any and all loses or damages she has suffered including back pay, benefits of employment, and front pay;

B. Award Plaintiff punitive damages against the Defendants in such sum as this court believes is fair and reasonable;

C. Award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and

D. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

### COUNT III – Discrimination under MHRA against ALL Defendants
### Mo. Rev. Stat. § 231.010 et seq.

COMES NOW Plaintiff, by and through her undersigned counsel, and for Count III of her Complaint, states as follows:

36. Plaintiff incorporates the preceding paragraphs of this Complaint into Count III of this Complaint as if fully set forth herein.

37. Plaintiff is a had a qualifying disability under the MHRA in that she suffers and did suffer from an impairment that substantially limited one or more major life activities (cancer), and which caused her to take time off of work and seek treatments.

38. In the alternative to paragraph 37, Plaintiff is a qualified individual under the Missouri Human Rights Act in that she is perceived and regarded as having such an impairment.

6

39. Plaintiff was and remained qualified to perform the essential functions of her position with Defendants, with or without a reasonable accommodation.

40. Plaintiff was demoted and then constructively discharged because of her disability and/or because of her employer's perception of her disability.

41. As a direct and proximate result of Plaintiff's demotion and discharge by Defendants, Plaintiff has sustained and will continue to sustain lost wages and other benefits of employment, including future salary.

42. Plaintiff has suffered emotionally, embarrassment, humiliation as a result of Defendant's actions.

43. The conduct of Defendants was wanton, willful, and showed a reckless indifference to Plaintiff's protected rights as set forth above, justifying an award of punitive damages against Defendant.

WHEREFORE, Plaintiff prays this Court to enter judgment in her favor and against Defendant and thereafter:

A. Order Defendants to make Plaintiff whole for any and all loses or damages she has suffered including back pay, benefits of employment, and front pay;

B. Award Plaintiff punitive damages against the Defendants in such sum as this court believes is fair and reasonable;

C. Award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and

D. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

### COUNT IV –  Retaliation under Missouri Human Rights Act Against All Defendants
### Mo. Rev. Stat. § 231.070

COMES NOW Plaintiff, by and through her undersigned counsel, and for Count IV of her Complaint, states as follows:

44. Plaintiff incorporates the preceding paragraphs of this Complaint into Count IV of this Complaint as if fully set forth herein.

45. Plaintiff engaged in protected activity under the Missouri Human Rights Act when she complained about the change in her position and title after her cancer diagnosis and treatment.

46. After complaining about the illegal activity, Defendants further cut Plaintiff's hours and told her that she would no longer have any guaranteed hours.

47. The change in her position, hours and pay scale was materially adverse and was related to her complaints about the illegal conduct of Defendants under the Missouri Human Rights Act.

48. As a direct and proximate result of Plaintiff's demotion and discharge by Defendants in retaliation of her complaints, Plaintiff has sustained and will continue to sustain lost wages and other benefits of employment, including future salary.

49. Plaintiff has suffered emotionally, embarrassment, humiliation as a result of Defendant's actions.

50. The conduct of Defendants was wanton, willful, and showed a reckless indifference to Plaintiff's protected rights as set forth above, justifying an award of punitive damages against Defendant.

WHEREFORE, Plaintiff prays this Court to enter judgment in her favor and against Defendants and thereafter:

A. Order Defendant to make Plaintiff whole for any and all loses or damages she has suffered including back pay, benefits of employment, and front pay;

B. Award Plaintiff punitive damages against the Defendants in such sum as this court believes is fair and reasonable;

C. Award Plaintiff the costs of this action, together with her reasonable attorneys' fees; and

D. Grant such other and additional relief as may appear to the Court to be equitable and just under the circumstances.

Respectfully submitted,

**NEWTON BARTH, L.L.P.**

By:  /s/ *Brandy B. Barth*
Brandy B. Barth, 56668MO
555 Washington Ave., Suite 420
St. Louis, Missouri 63101
(314) 272-4490 – Telephone
(314) 762-6710 – Facsimile
bbarth@newtonbarth.com